IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRIS SLAVICK, #A0765881, | ) CIV. NO. 18-00305 JMS-RLP |
|---|---|
| Petitioner, | ) ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; |
| vs. | ) (2) DENYING IN FORMA PAUPERIS APPLICATION; AND |
| SCOTT HARRINGTON, | ) (3) DENYING A CERTIFICATE OF APPEALABILITY |
| Respondent. | ) |

**ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING IN FORMA PAUPERIS APPLICATION; AND (3) DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Before the Court is pro se prisoner Chris Slavick's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Habeas Petition") and Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1, 2. Slavick is incarcerated at the Halawa Correctional Facility ("HCF") and challenges two disciplinary charges that resulted in his detention for several weeks in segregation and allegedly may result in a reclassification of his custody status.

For the following reasons, the Court DISMISSES the Habeas Petition, DENIES the IFP application, and DENIES any request for certificate of appealability.

## II. BACKGROUND

Slavick was recently found guilty of two prison disciplinary charges in Nos. 18-0130 and 18-0164, based on allegedly "false accusations." Pet., ECF No. 1, PageID #1. He grieved both charges to the second step of the prison's three-step grievance procedure, but admits that he did not exhaust his administrative remedies after he received no response to either step two grievance. Instead, Slavick brought his claims directly to this court. Slavick provides no details regarding the two allegedly false disciplinary charges, such as who falsely accused him, what the bases for these charges were, and when this happened. Rather, he confines his challenge to the alleged denial of due process for prison officials' alleged failure to hold a hearing on May 18 and June 8, 2018, respectively, for the two charges. Slavick was sanctioned to fifteen and forty-four days sanctions for the charges.

Slavick seeks an Order directing prison officials to retract the two disciplinary charges and restore his classification status to zero "points/community status," which he alleges qualifies him for work furlough status. *Id.*, PageID #9.

## III. STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") applies to habeas petitions brought pursuant to 28 U.S.C. § 2241[1] and requires summary dismissal of a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## IV. **DISCUSSION**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). *Nettles* sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims

---

[1] *See* Rule 1(b) of the Habeas Rules.

brought by state prisoners that are not within the core of habeas corpus." *Id.* That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. *Id.* at 934.

The petitioner in *Nettles* brought a claim similar to Slavick's: Nettles challenged disciplinary proceedings on constitutional grounds arguing that "his claims affect the duration of his sentence because if he succeeded in expunging his 2008 rules violation report, the [Parole] Board would more likely set his next parole hearing at an earlier date . . . and would be more likely to give him a favorable parole ruling." *Id.* at 934. *Nettles* concluded that the petition therein did not fall within the "core" of habeas "[b]ecause success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement," since the parole board would consider other factors than merely the rules violation. *Id.* at 935.

Slavick does not assert that he will be entitled to parole if his disciplinary charges are expunged. Rather, he suggests that his classification status, which *may* be increased based on the disciplinary violations (but apparently has not been increased yet), would likely be reduced if the charges were expunged. He speculates that this *might* entitle him to be considered for a work furlough

4

program. Slavick's argument is unavailing. As in *Nettles*, success here "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation[s] would not necessarily lead to" Slavick's release on parole or to a work furlough program. *Id.* at 934-35 ("A rules violation is merely one of the factors shedding light on whether a prisoner . . ." is suitable for parole.); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (stating, "if successful, Ramirez will not necessarily shorten the length of his confinement because there has been no showing by the State that the expungement [of the prison disciplinary conviction] Ramirez seeks is likely to accelerate his eligibility for parole.").

Slavick is not scheduled to be released until May 6, 2032, making his claim that he may be eligible for community custody or work furlough status extremely unlikely. *See* Hawaii SAVIN, https://www.vinelink.com/#/home/site/50000. More important, Slavick has no right to a particular classification custody status or to participate in a work furlough program. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding prisoners have no liberty interest in a particular classification status or rehabilitation programs). Slavick also has no right or expectation to early release on parole under state or federal law. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or

inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (holding same under Hawaii law); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (recognizing that Hawaii's parole regime creates no liberty interest in parole and collecting District of Hawaii cases).

Slavick cannot show that success on the merits of his claims would "necessarily" have an effect on the duration of his confinement, thus, his claims do not lie at "the core of habeas corpus" and "must be brought, if at all, under § 1983." *Nettles*, 830 F.3d at 927. Slavick fails to state a cognizable federal habeas claim and the Petition is DISMISSED.

## V. **IFP APPLICATION**

Slavick's IFP application is incomplete. It lacks Slavick's signed consent to withdrawal of funds from his account, certification from HCF officials regarding the amount in his account, and a six-month account statement showing the transactions and current balance in his account. The IFP Application is DENIED.

## VI. **CONVERSION OF THE PETITION**

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the

prisoner." *Nettles*, 830 F.3d at 936. "If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id.* (citation, quotation marks, and emphasis omitted).

The court declines to convert the present Petition into a civil rights complaint. First, Slavick makes no allegations against Respondent Scott Harrington regarding Slavick's claims that he was denied due process when no hearing was held regarding his disciplinary charges and sanctions.

Second, if the Petition were converted to a civil rights complaint, Slavick would be subject to the provisions and restrictions of the Prison Litigation Reform Act ("PLRA"), including full payment of the substantial civil filing fee for a civil rights complaint and limits on the number of actions he may be able to bring in forma pauperis. *See* 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. And, Slavick has not yet submitted a sufficient IFP Application and the court will make no determination on his indigent status until he does so.

Third, Slavick fails to state a claim under 42 U.S.C. § 1983. As discussed above, he has no constitutional right to be considered for early release, a work

7

furlough program, or to a particular custody status. *See Moody*, 429 U.S. at 88 n.9. Slavick also fails to allege facts that indicate that his restraint in disciplinary segregation imposed "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," or that his disciplinary charges "will inevitably affect the duration of his sentence." *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1995). Lacking these facts, Slavick fails to state a colorable claim for the deprivation of a liberty interest that would require the procedural due process he seeks.

Finally, Slavick admits that he did not complete the prison's administrative grievance process before he brought the Petition to court. The exhaustion requirements for filing a prisoner civil rights complaint differ from those required for a federal habeas action, and the court declines to make a determination on this issue before Slavick has considered it himself.

The present Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Slavick's claims. This does not prevent Slavick from filing a new complaint pursuant to 42 U.S.C. § 1983 on his own, however, after he carefully considers his options.

///

///

## VII. CONCLUSION

(1)  Slavick's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice but without leave to amend.

(2)  To the extent Slavick raises conditions of confinement claims that do not impact the duration or fact of his detention, those claims are DISMISSED without prejudice to raising them in a prisoner civil rights action.

(3)  Because Slavick cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition either debatable or incorrect, any request for a certificate of appealability is DENIED.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Rule 11(a) of the Habeas Rules.

(5)  Any pending motions are DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 20, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Slavick v. Harrington*, NO. 1:18 cv 00305 JMS RLP; hab '18 Slavick 18 305 jms (dsm 2241 no hrg no loss good time)